■ In the Matter of the Arbitration between DIC CONCRETE CORPORATION et al., Respondents, and DUBOR ASSOCIATES et al., Appellants. — Judgment, Supreme Court, New York County (William P. McCooe, J.), entered September 20, 1984, which, *inter alia,* denied the cross motion of appellants to vacate an arbitration award, is unanimously modified, on the law, to the extent of reducing to 6% postjudgment interest for the period July 25, 1984 to May 14, 1985, and otherwise affirmed, without costs.

In accordance with an amendment and restatement of a limited partnership agreement (Agreement) dated January 1, 1975, the appellants Dubor Associates *et al.* (appellants) delivered to the petitioners-respondents DIC Concrete Corporation *et al.* (petitioners) a promissory note (Note) in the principal amount of $3,000,000. This Note represents the purchase of partnership interests by appellants, and its terms provided that it would be paid in installments over a five-year period. The partnership's purpose was to, *inter alia,* construct and operate a 625-unit Mitchell-Lama housing project now known as Marcus Garvey Village.

Paragraph 13 of the partnership Agreement between the parties contained a broad arbitration clause. As a result of a dispute over the payment of this Note, in May 1983 petitioners served a demand for arbitration, which the appellants did not

challenge. Thereafter, hearings were held, and, in May 1984 the arbitrators awarded petitioners $1,065,578, plus interest.

Subsequently, the petitioners moved to confirm the award, and appellants cross-moved to vacate it. Special Term granted the motion and denied the cross motion.

The petitioners concede, at page 4 of their respondents' memorandum submitted to this court, that there is merit to that part of appellants' appeal that contends that the judgment erroneously provides, in contravention of the arbitrator's award, for postjudgment interest at the rate of 9% instead of 6% per annum for the period from July 25, 1984 to May 14, 1985. After examining the record, we agree that an error was made and modify the judgment accordingly.

We have examined the other points raised by the appellants, and find them to be without merit. Concur — Kupferman, J. P., Ross, Asch, Bloom and Fein, JJ.